1   MANATT, PHELPS & PHILLIPS, LLP
    ANDREW A. BASSAK (Bar No. CA 162440)
2   E-mail:  ABassak@manatt.com
    CHRISTOPHER A. RHEINHEIMER (Bar. No. CA 253890)
3   E-mail:  CRheinheimer@manatt.com
    CARY L. FINKELSTEIN (Bar No. CA 302138)
4   E-mail:  CFinkelstein@manatt.com
    One Embarcadero Center, 30th Floor
5   San Francisco, CA  94111
    Telephone:  (415) 291-7400
6   Facsimile:  (415) 291-7474

7   Attorneys for Defendant
    UNION PACIFIC RAILROAD COMPANY
8

9

10

11                          UNITED STATES DISTRICT COURT

12                              NORTHERN DISTRICT

13

14   SONOMA VALLEY BUSINESS PARK,            Case No.
     LLC a California limited liability company,
15                                           **NOTICE OF REMOVAL OF ACTION
                      Plaintiff,             UNDER 28 U.S.C. § 1441(a) (DIVERSITY)**
16
              vs.                            [Filed concurrently with:
17                                           (1) Civil Case Cover Sheet;
     UNION PACIFIC RAILROAD                  (2) Corporate Disclosure Statement
18   COMPANY, a Delaware Corporation         (3) Certification as to Interested Parties;
     formerly known as SOUTHERN PACIFIC      (4) Notice of Adverse Parties;
19   TRANSPORTATION COMPANY; and             (5) Union Pacific's Answer to Complaint; and
     DOES 1 through 50,                      (6) Declaration of Anna C. Palmer]
20
                      Defendants.            Action Removed:    August 26, 2016
21                                           Trial Date:      None Set

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT OF THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant Union Pacific Railroad Company ("Union Pacific" or "Defendant"), by and through its counsel, hereby gives notice that it is removing the state civil action originally filed in the Superior Court of the State of California for Marin County, Case No. CIV1601522, to the United States District Court for the Northern District of California, San Francisco Division.  Union Pacific removes the case on the basis of diversity of citizenship under 28 U.S.C. Sections 1332 and 1441(a) as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction of this civil action based upon the diversity of citizenship pursuant to 28 U.S.C. Section 1332(a) and Defendants may remove this action to this Court in accordance with 28 U.S.C. Section 1441(a) because this is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), 1446(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

3.      This case should be assigned to the United States Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102 because (1) a substantial part of the events or omissions which give rise to the claims alleged in the Action are alleged to have occurred in Sonoma County; and (2) under Local Rule 3-2(d), this division of the United States District Court for the Northern District of California embraces Marin County, the place where the Action is currently pending.

## STATUS OF PLEADINGS

4.      On or about April 28, 2015, Plaintiff Sonoma Valley Business Park, LLC ("SVBP" or "Plaintiff"), by and through its attorneys of record, filed this civil action in the Superior Court of the State of California for the County of Marin, entitled *Sonoma Valley*

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1     *Business Park, LLC v. Union Pacific Railroad Company and DOES 1 through 50*, Case No.

2     CIV1601522.

3          5.       Union Pacific was first served with a copy of the summons and complaint on July

4     29, 2016. Removal of this action is therefore timely, in that Union Pacific has filed the notice of

5     removal within 30 days of receiving the summons and complaint. *See* 28 U.S.C. § 1446(b).

6          6.       Plaintiff's Complaint arises out of alleged events related to an agreement it entered

7     into with Union Pacific for the sale of an easement. SVBP asserts the following claims for relief:

8     (1) Fraudulent Misrepresentation; (2) Fraudulent Concealment; (3) Negligent Misrepresentation;

9     and (4) Breach of Contract.

10         7.       Union Pacific has not filed its Answer to the Complaint with the Marin County

11     Superior Court. Union Pacific's Answer is being filed concurrently with this Notice of Removal.

12         8.       The Complaint, Summons, Civil Case Cover Sheet, Alternative Dispute

13     Resolution (ADR) Informational Notice, and Notice of Case Management Conference constitute

14     all process, pleadings, papers and orders filed in Marin County Superior Court in this action

15     within the meaning of 28 U.S.C. § 1446(a). Copies of the docket for the Marin County Superior

16     Court for this action, including copies of the papers served on Defendant, are attached as <u>Exhibit</u>

17     <u>1</u>. <u>Exhibit 1</u> constitutes the complete record of all records and proceedings in state court.

18         9.       The removal of this action terminates all proceedings in Marin County Superior

19     Court. *See* 28 U.S.C. 1446(d).

20                            **REMOVAL IS PROPER**

21            **BASED UPON DIVERSITY OF CITIZENSHIP**

22     **A.**      **Plaintiff and Defendant Are Not Citizens of the Same State**

23         10.      Defendant is informed and believes, and thereon alleges, that at the

24     commencement of the Action, and at all times relevant herein, Plaintiff was and is a California

25     limited liability company with its principal place of business in Sonoma, California.

26     (Complaint, ¶ 1.)

27         11.      At the commencement of the Action, and at all times relevant herein, Defendant

28     was not a citizen of the State of California, and its principal place of business was not in

California.  Union Pacific is a corporation organized under the laws of the State of Delaware, with its principal place of business in Omaha, Nebraska.  (Declaration of Anna C. Palmer, ¶ 2.) A corporation is deemed to be a citizen of every state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Therefore, for purposes of diversity of citizenship, Defendant is not a citizen of California.

12.     Because Plaintiff and Defendant are not citizens or residents of the same state, complete diversity of citizenship exists under 28  U.S.C. § 1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000**

13.     The amount in controversy in this action exceeds the jurisdictional requirement of $75,000.  Specifically, Plaintiff expressly alleges general damages in excess of $150,000.  Prayer for Relief, ¶¶ 1-3, 6-8, 11-1315-17.  In addition, Plaintiff alleges special and/or consequential damages in excess of $1,457,000.  Complaint, ¶¶ 9, 14, 21, 30, 40, 49.  Finally, in addition to general and special damages, Plaintiff seeks punitive damages in connection with this action. Complaint, ¶¶ 4, 9.  "When both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Ass'n. Society*, 320 U.S. 238, 240 (1943).

14.     Accordingly, the United States District Court for the Northern District of California has original jurisdiction under 28 U.S.C. Section 1332 in that complete diversity of citizenship and the required amount in controversy both exist in this civil action, which therefore may be removed to this Court pursuant to 28 U.S.C. Section 1441(a).

15.     Counsel for Defendant will file a copy of this Notice of Removal with the Clerk of the Superior Court and will give notice of same to counsel for Plaintiff.

WHEREFORE, Defendant, having satisfied all requirements for removal pursuant to 28 U.S.C. Sections 1332(a), 1441(a), and 1446, respectfully submits this Notice of Removal, requests that the Action be removed, and requests that the Court assume full jurisdiction over the case herein as provided by law.

1     Dated:      August 26, 2016           MANATT, PHELPS & PHILLIPS, LLP

2

3                                              By:   /s/ Andrew A. Bassak

4                                                    Andrew A. Bassak
                                                   *Attorneys for Defendant*

5                                                    UNION PACIFIC RAILROAD
                                                   COMPANY

6

7

8    317447988.3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

 CT Corporation

**Service of Process Transmittal**
07/29/2016
CT Log Number 529590029

TO: Mark Hansen
Union Pacific Railroad Company
10031 Foothills Blvd., Suite 200
Roseville, CA 95678-

RE: **Process Served in California**

FOR: Union Pacific Railroad Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sonoma Valley Business Park, LLC, etc., Pltf. vs. Union Pacific Railroad Company, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Coversheet, Instructions, Notice, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Marin County - Superior Court - San Rafael, CA<br>Case # CIV1601522 |
| **NATURE OF ACTION:** | Defendant failed to disclose to SVBP that Union Pacific did not own the rights and easements that is owned by Northwestern Pacific Railroad Company |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/29/2016 at 14:10 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | August 8, 2016 at 8:30 a.m.  (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Ronald D. Foreman<br>Foreman & Brasso<br>930 Montgomery Street<br>SUte 600<br>San Francisco, CA 94133<br>415-433-3475 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/29/2016, Expected Purge Date: 08/03/2016<br><br>Image SOP<br><br>Email Notification,  Mark Hansen  mchansen@up.coM<br><br>Email Notification,  Gina Rallo- Williams  GSRALLO@up.com<br><br>Email Notification,  Jennifer Reddick  jrreddic@up.com<br><br>Email Notification,  Jenna Britton  jmbritto@up.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |

Page 1 of  1 / AV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

7-29-16
210M

## SUMMONS
### (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)*:
Union Pacific Railroad Company, a Delaware
Corporation formerly known as Southern Pacific
Transportation Company; and DOES 1 thorugh 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE)*:
Sonoma Valley Business Park, LLC, a California
liability company,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

APR 2 8 2016

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Hernandez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER (Número del Caso):
CIV 1 6 1 5 2 2

The name and address of the court is:
*(El nombre y dirección de la corte es)*:
Marin Superior Court
3501 Civic Center Drive
San Rafael, CA 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Ronald D. Foreman, Esq.          FOREMAN & BRASSO
930 Montgomery Street, Suite 600   415-433-3475
San Francisco, CA 94133

DATE:          APR 2 8 2016   JAMES M. KIM   Clerk, by   S. HERNANDEZ   , Deputy
*(Fecha)*                       *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]



1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

   **UNION PACIFIC RAILROAD COMPANY, A DELAWARE CORPORATION**
3. ☒ on behalf of *(specify)*: **FORMERLY KNOWN AS SOUTHERN PACIFIC TRANSPORTATION COMPANY**

   under:   ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:  7-29-15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Sonoma Valley Business Park, LLC.

**MARIN COUNTY SUPERIOR COURT**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988
(415) 444-7040



### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATIONAL NOTICE
(California Rule of Court 3.221)

The plaintiff **must** serve a copy of this notice with the complaint on all parties to this case.

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case.

## ADVANTAGES OF ADR

**Save Time**
A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money**
When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome**
In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships**
ADR can be a less adversarial way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction**
In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.



## DISADVANTAGES OF ADR

If the case is resolved using ADR, the parties forgo their right to a public trial and they do not receive a decision by a judge or jury. If the case is not resolved using ADR and it proceeds to trial, the overall costs of the case may increase.

## TYPES OF ADR

### Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Settlement Conferences

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

## LOCAL ADR PROGRAMS

For a Directory of Mediators and Arbitrators or information about the Modest Means Mediation Program, contact the Marin County Bar Association (MCBA) by calling (415) 499-1314 or emailing *info@marinbar.org*. Additional information is also available on the MCBA website: *www.marinbar.org*.

## STIPULATION TO USE ADR

If all parties in the action agree to participate in ADR, a *Stipulation to Use Alternative Dispute Resolution Process (CV002)* may be filed with the court. This form is available at *www.marincourt.org* or in the Clerk's Office.

Please note, **you are required to complete and submit the *Notice of Settlement of Entire Case (Judicial Council Form CM-200)* within 10 days of the resolution of your case.**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ronald D. Foreman, Esq. 61148
FOREMAN & BRASSO
930 Montgomery Street, Suite 600
San Francisco, CA 94133
TELEPHONE NO: 415-433-3475 FAX NO.: 415-781-8030
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME:

CASE NAME: SVBP, LLC v. Union Pacific Railroad Co

**FOR COURT USE ONLY**
RECEIVED
MARIN COUNTY
SUPERIOR COURT
2016 APR 28 AM 9: 13

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV 1 6 0 1 5 2 2 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE/DEPT.: **ROY CHERNUS** |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
**4.** Number of causes of action *(specify):* 9
**5.** This case [ ] is [X] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related cases *(You may use form CM-015.)*

Date: April 25, 2016

Ronald D. Foreman, Esq.
(TYPE OR PRINT NAME)
► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

Martin Dean's
ESSENTIAL FORMS™

Sonoma Valley Business Park, LLC

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box for the case type that best describes the case.** If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice-Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

Sonoma Valley Busines Park, LLC

 

**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

| PLAINTIFF: *Sonoma Valley Business Park LLC* | CASE NO. *CIV 1601522* |
| | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: *Union Pacific Railroad Company, ET AL* VS. | (Pursuant to Government Code Section 68600 et seq.) |

*Pursuant to Local Rule 1.3, the plaintiff must serve a copy of this Notice of Case Management Conference, a blank Case Management Statement (Judicial Council Form CM-110), a blank Notice of Settlement of Entire Case (Judicial Council Form CM-200), and an Alternative Dispute Resolution (ADR) Informational Notice (CV006) together with the complaint on all parties.*

This case is assigned for all purposes to Judge _____ **ROY CHERNUS** _____ in Courtroom *13*.

1. The parties/counsel to this action shall comply with the filing and service deadlines in Local Rule 1.5 and California Rule of Court 3.110, or appear at the Order to Show Cause hearing on the dates set forth below:

    Failure to File Proof of Service    *07/07/2016* 8:30 / 9:00 A.M.

    Failure to Answer    *08/08/2016* 8:30 / 9:00 A.M.

2. Parties must appear for Case Management Conference on    *09/15/2016* 8:30 / 9:00 A.M.

3. The parties must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the Case Management Conference** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed with the court and served on all parties <u>at least 15 calendar days</u> before the Case Management Conference. **(Late filing may result in the issuance of sanctions.)**

*Distribution:  Original - Court File;  Canary - Plaintiff*

CV008
**NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)**
(Pursuant to Government Code § 68600 et seq.)
Rev. 7/15/15

Ronald D. Foreman, Esq. (SBN 61148)
**FOREMAN & BRASSO**
930 Montgomery Street, Suite 600
San Francisco, CA 94133
Telephone:   (415) 433-3475
Facsimile:   (415) 781-8030
Email: foremanandbrasso@foremanandbrasso.com

Attorneys for Plaintiff
Sonoma Valley Business Park, LLC

FILED

APR 28 2016

JAMES M. KIM, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: B. Hernandez. Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF MARIN - UNLIMITED JURISDICTION**

SONOMA VALLEY BUSINESS PARK, LLC a
California limited liability company,

                Plaintiff,

    v.

UNION PACIFIC RAILROAD COMPANY, a
Delaware Corporation formerly known as
SOUTHERN PACIFIC TRANSPORTATION
COMPANY; and DOES 1 through 50,

                Defendants.

Case No. CIV 1 6 0 1 5 2 2

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

    Sonoma Valley Business Park, LLC ("SVBP") alleges as follows:

**THE PARTIES**

    1.   Plaintiff Sonoma Valley Business Park, LLC is a California limited liability company with its principal place of business place of business in Sonoma, California.

    2.   Defendant Union Pacific Railroad Company formerly known as Southern Pacific Transportation Company ("Union Pacific") is a Delaware Corporation that regularly conducts business and keeps a registered agent in California.

-1-

COMPLAINT FOR DAMAGES

1    3.   The easement right at issue in this litigation is located at 22801 Eighth Street East at

2  Highway 121 in Sonoma County, California with APN 853-049-022 ("the Easement"). Plaintiff

3  Sonoma Valley Business is the owner of a 2.93 acre strip of real property where the Easement is

4  located.

5    4.   Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES

6  1-50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend

7  this complaint to allege their true names and capacities when ascertained.

8    5.   Plaintiff is informed and believe and thereon allege that at all times herein mentioned

9  each of the defendants were the agent and employee of each of the remaining defendants, and

10  that in doing the things hereafter alleged, was acting within the course and scope of such agency

11  and employment.

12                  **GENERAL ALLEGATIONS**

13    6.   Union Pacific operates a major haul freight railroad that operates 8,500 locomotives

14  over 32,100 route-miles in 23 states including California. The Union Pacific network is the

15  largest in the United States and employs 42,600 people. It is also one of the world's largest

16  transportation companies.

17    7.   On January 21, 2010, Defendant Union Pacific and Plaintiff SVBP entered into an

18  agreement where Defendant Union Pacific agreed to sell the subject easement right to SVBP for

19  $150,000. Article 1.B of the January 21, 2010 agreement provides:

20

21         Union Pacific also affirms that they now own the rights and easements originally granted
            by Northwestern Pacific Railroad Company, the original Grantor of the Corporation

22         Grant Deed, and that Union Pacific Railroad Company, as its successor, has not assigned
            or transferred any of the rights or easements outlined in the Corporation Grant Deed to

23         any other party. **Exhibit A.**

24    8.   On July 29, 2010, Defendant Union Pacific quitclaimed its interest in the Easement to

25  SVBP in consideration of the payment of $150,000. **Exhibit B**. A legal description of the

26  Easement right is described in "Attachment A" to **Exhibit B**. As part of the purchase and sale

27  transaction, Union Pacific issued a Certificate by its Assistant Secretary that the sale had been

28

-2-

COMPLAINT FOR DAMAGES

1    ratified and approved by Union Pacific Railroad Company in accordance with its bylaws.

2    **Exhibit C.** Plaintiff SVBP is a bona fide purchaser of the Easement from Union Pacific.

3         9.     After the Easement was quitclaimed to Plaintiff in 2010, Plaintiff performed property

4    surveys and that hired civil engineers to prepare tentative maps of the property. Plaintiff spent

5    $757,000 in development costs to create the subdivision maps for the entitlement, development,

6    and resale of the property.

7         10.  On February 3, 2015, SVBP entered into a Purchase and Sale Agreement for the sale of

8    22801 Eighth Street for $3.7 million. The Purchase and Sale Agreement included the sale of the

9    property where the Easement right is located. SVBP believed that it owned the Easement right

10   that it was selling as part of the Purchase and Sale Agreement. An escrow was opened for the

11   sale of the property.

12        11.  On April 29, 2015, North Coast Railroad Authority ("North Coast") gave notice to

13   Plaintiff SVBP that it held title to the Easement.  To Plaintiff's shock and surprise, North Coast

14   informed Plaintiff that Northwestern Pacific was going to restore the tracks on the Easement.

15   North Coast Railroad Authority claimed that it held various rail easements on the Northwestern

16   Pacific Railroad tracks. Previously, through a series of railroad acquisitions and mergers, North

17   Coast owned Northwestern Pacific Railroad, its tracks and easements. North Coast further

18   claimed that in 1992, Northwestern Pacific Railroad Company deeded the property encumbered

19   by the Easement rights at issue in this litigation to Diana Ekedahl. Later, SVBP II, a sister

20   company to Plaintiff purchased the property encumbered by the Easement from Ekedahl.

21   Thereafter, SVBP II sold its fee title to the property to Plaintiff. To summarize, the property sold

22   by Northwestern Pacific Railroad to Ekedahl, then to SVBP II and then to SVBP did not contain

23   the easement sold to Plaintiff by Union Pacific. The net result of these real estate transactions is

24   that the Easement right at issue had previously been carved out by North Coast's predecessor in

25   interest. Consequently, North Coast established that it owns the rights to the Easement.

26        12.  Plaintiff only discovered the Easement title dispute when North Coast wrote to Plaintiff

27   on April 29, 2015. Plaintiff had no knowledge that North Coast or any other entity claimed as

28   easement burdening Plaintiff property. Specifically, Plaintiff had no knowledge as Defendant

-3-

COMPLAINT FOR DAMAGES

1  Union Pacific represented to Plaintiff that Union Pacific owned the rights and easements which

2  were originally granted by Northwestern Pacific Railroad Company.

3      13.  In May 2015, Plaintiff discovered that North Coast removed the chain-link and pole on

4  the Easement which was designed to deny access to the road on Plaintiff's property. North Coast

5  further stacked railroad ties on Plaintiff's property along the site of the location of the removed

6  tracks. Plaintiff did not consent to the removal of the chain-link fence and pole and the use of its

7  property for ingress and egress nor the storage of railroad ties on the property.

8      14.  Plaintiff SVBP suffered substantial damages as a result of the misrepresentation,

9  concealment, or gross negligence of Defendant Union Pacific which induced SVBP to purchase

10  the Easement rights that Union Pacific did not hold title to. Plaintiff SVBP has been damaged by

11  paying $150,000 for nothing, the $757,000 cost of the subdivision map and the professional fees

12  incurred for the preparation of the map as it included the property where the Easement is

13  claimed, and a reduction of $700,000 in the pending sale of the property to a third party. Plaintiff

14  suffered these damages as a result of Defendants' fraud and deceit.

**VENUE**

15

16      15.  Venue is therefore proper in this Superior Court as Defendant conduct business in the

17  County of Marin and has tracks as part of that Sonoma-Marin Area Rail Transit ("SMART"

18  Train).

**FIRST CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION**

**Against Defendant Union Pacific and Does 1-10**

19

20

21      16. SVBP incorporates by reference Paragraphs 1 through 15 above as though set forth fully

22  herein.

23      17. Defendant made knowingly false representations to SVBP with the intention that SVBP

24  would rely on the representations to purchase the easement right located on SVBP's property in

25  the amount of $150,000. This misrepresentation that Union Pacific owned the Easement right is

26  an important fact.

27      18. Specifically, Defendant failed to disclose to SVBP that Union Pacific did not own the

28  rights and easements that is owned by Northwestern Pacific Railroad Company. Northwestern

-4-

COMPLAINT FOR DAMAGES

1  Pacific Railroad Company owned the Easement right. Union Pacific never owned the Easement

2  right.

3      19. When Defendant made those misrepresentations, it knew the representations were false,

4  and made those representations with the intent to deceive and defraud SVBP and to induce

5  SVBP to act in reliance on these misrepresentations.

6      20. Sometime prior to the sale to SVBP, the track on the Easement had been removed as rail

7  traffic had ceased. SVBP relied upon Defendant's misrepresentations and entered into the

8  Agreement, **Exhibit A** to purchase the Easement rights on SVBP's parcel of property for

9  $150,000. Had SVBP known that representations of Union Pacific were false and that Union

10  Pacific did not own the rights to the Easement, SVBP would not have purchased the non-existent

11  Easement right for $150,000. SVBP would have avoided the damages it has suffered as a result

12  of the misrepresentation of Union Pacific.

13      21. As a proximate result of Defendant's fraudulent conduct alleged herein, Plaintiff SVBP

14  has been damaged by paying $150,000 for nothing, the $757,000 cost of the subdivision map and

15  the professional fees incurred for the preparation of the map as it included the property where the

16  Easement is claimed, and a reduction of $700,000 in the pending sale of the property to a third

17  party.

18      22. As a direct and proximate result of Defendant's misrepresentations, Defendant has been

19  unjustly enriched by selling something that it did not own. SVBP is entitled to restitution,

20  rescission and damages.

21      23. Defendant's conduct as alleged was willful and wanton. Defendant's conduct was done

22  with malice, fraud and oppression with the intent to injure SVBP. SVBP is entitled to punitive

23  damages in a sum according to proof at trial.

24          WHEREFORE, Plaintiff prays for judgment within the jurisdiction of this court against

25  defendants, and each of them, as follows.

26  ///

27  ///

28

-5-

COMPLAINT FOR DAMAGES

**SECOND CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT**

**Against Defendant Union Pacific and Does 1-10**

24. SVBP incorporates by reference Paragraphs 1 through 15 above as though set forth fully herein.

25. Defendant did not disclose to SVBP that it did not own the Easement right with the intention that SVBP would rely on the nondisclosure and purchase an easement right that Defendant did not own.

26. Specifically, Defendant did not disclose to SVBP that Union Pacific did not own the rights and easements as they are owned by Northwestern Pacific Railroad Company. Union Pacific never owned the Easement right. Northwestern Pacific Railroad Company owns the Easement claimed by union Pacific.

27. When Defendant intentionally failed to disclose those material facts, it intended to deceive and defraud SVBP to induce SVBP to act in reliance without knowing the concealed facts.

28. At the time that SVBP entered into the Agreement, SVBP did not know of the concealed facts.

29. Sometime prior to the sale to SVBP, the track on the Easement had been removed as rail traffic had ceased. SVBP relied upon the statements of Union Pacific in the January 21, 2010 Agreement and entered into the Agreement to purchase the Easement rights of Union Pacific for $150,000. Had SVBP known that representations of Union Pacific were false and that Union Pacific did not own the rights to the Easement, SVBP would not have purchased the non-existent Easement right for $150,000. SVBP would have avoided the damages it has suffered as a result of the misrepresentation of Union Pacific.

30. As a direct and proximate result of Defendant's fraud by concealment as alleged herein, Plaintiff SVBP has been damaged by paying $150,000 for nothing, the $757,000 cost of the subdivision map and the professional fees incurred for the preparation of the map as it included the property where the Easement is claimed, and a reduction of $700,000 in the pending sale of the property to a third party.

-6-

COMPLAINT FOR DAMAGES

1    31. As a direct and proximate result of Defendant's misrepresentations, Defendant has been

2  unjustly enriched by selling something that it did not own. SVBP is entitled to restitution,

3  rescission and damages.

4    32. Defendant's conduct as alleged was willful and wanton. Defendant's conduct was done

5  with malice, fraud and oppression with the intent to injure SVBP. SVBP is entitled to punitive

6  damages in a sum according to proof at trial.

7    WHEREFORE, Plaintiff prays for judgment within the jurisdiction of this court against

8  defendants, and each of them, as follows.

9    **THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

10    **Against Defendant Union Pacific and Does 1-10**

11    33. SVBP incorporates by reference Paragraphs 1 through 15 above as though set forth fully

12  herein.

13    34. Defendant made negligent misrepresentations to SVBP with the intent that SVBP would

14  rely on the negligent misrepresentations and purchase the easement rights that Union Pacific

15  claimed were located on SVBP's property for $150,000. This negligent misrepresentation that

16  Union Pacific owned the Easement right is a material fact.

17    35. Specifically, Defendant negligently misrepresented to SVBP that Union Pacific owned

18  the Easement rights. Union Pacific never owned the Easement right. In fact, Northwestern

19  Pacific Railroad Company owned the Easement right.

20    36. Sometime prior to the sale to SVBP, the track on the Easement had been removed as rail

21  traffic had ceased. SVBP relied upon the statements of Union Pacific in the January 21, 2010

22  Agreement and entered into the Agreement to purchase the Easement rights of Union Pacific for

23  $150,000. Had SVBP known that representations of Union Pacific were false and that Union

24  Pacific did not own the rights to the Easement, SVBP would not have purchased the non-existent

25  Easement right for $150,000. SVBP would have avoided the damages it has suffered as a result

26  of the misrepresentation of Union Pacific.

27    37. At the time that the January 21, 2010 Agreement was executed, Defendant negligently

28  represented to SVBP that the material facts were true. In fact, Defendant's negligent

-7-

COMPLAINT FOR DAMAGES

1   misrepresentations were not true. SVBP did not know of the negligent misrepresentations.

2   Although Defendant may have honestly believed that the negligent misrepresentation were true,

3   Defendant did not have reasonable grounds for believing the negligent misrepresentation was

4   true when it made it.

5       38. When Defendant made those negligent misrepresentations, Defendant had no reason to

6   believe that the misrepresentations were true, and made those negligent misrepresentations to

7   induce SVBP to act in reliance on these negligent misrepresentations.

8       39. SVBP's reliance on Defendant's negligent misrepresentation was a substantial factor in

9   causing SVBP's harm.

10       40. As a direct and proximate result of Defendant's negligent misrepresentations as alleged

11   herein, Plaintiff SVBP has been damaged by paying $150,000 for nothing, the $757,000 cost of

12   the subdivision map and the professional fees incurred for the preparation of the map as it

13   included the property where the Easement is claimed, and a reduction of $700,000 in the pending

14   sale of the property to a third party.

15       41. As a direct and proximate result of Defendant's misrepresentations, Defendant has been

16   unjustly enriched by selling something that it did not own. SVBP is entitled to restitution,

17   rescission and damages.

18       42. Defendant's grossly negligent conduct as alleged was willful and wanton. Defendant's

19   grossly negligent conduct was done with malice, fraud and oppression with the intent to injure

20   SVBP. SVBP is entitled to punitive damages in a sum according to proof at trial.

21         WHEREFORE, Plaintiff prays for judgment within the jurisdiction of this court against

22   defendants, and each of them, as follows.

23         **FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

24         **Against Defendant Union Pacific and Does 1-10**

25       43. Plaintiff re-alleges and incorporates herein by reference each and every allegation

26   contained in paragraph 1 through 15 as though fully set forth herein.

27       44.  On January 21, 2015, SVBP and Defendant Union Pacific entered into an agreement for

28   the purchase of an Easement right on SVBP's property located at 22801 Eighth Street, in

-8-

COMPLAINT FOR DAMAGES

1  Sonoma. Union Pacific agreed to sell the parcel of property to SVBP for $150,000. Article 1.B of

2  the January 21, 2010 agreement provides:

3      Union Pacific also affirms that they now own the rights and easements originally granted by
4      Northwestern Pacific Railroad Company, the original Grantor of the Corporation Grant
5      Deed, and that Union Pacific Railroad Company, as its successor, has not assigned or
       transferred any of the rights or easements outlined in the Corporation Grant Deed to any
6      other party.

7      45.   On July 29, 2010, Defendant Union Pacific quitclaimed its interest in the Easement to

8  SVBP in consideration of the payment of $150,000. **Exhibit B**. A legal description of the

9  Easement right is described in "Attachment A" to **Exhibit B**. As part of the purchase and sale

10 transaction, Union Pacific issued a Certificate by its Assistant Secretary that the sale had been

11 ratified and approved by Union Pacific Railroad Company in accordance with its bylaws.

12 **Exhibit C**. Plaintiff SVBP is a bona fide purchaser of the Easement from Union Pacific.

13     46. Defendant Union Pacific entered into an agreement to sell the Easement right that it did

14 not own.

15     47. SVBP has performed all conditions, covenants and promises on its part to be performed

16 in accordance with the terms and conditions of the January 21, 2015 agreement and the July 29,

17 2015 Quitclaim deed. SVBP paid $150,000.

18     48. Defendant breached the contract by entering into the contract, taking the $150,000

19 consideration from SVBP and delivering a Quitclaim deed for an Easement right that it did not

20 own.

21     49. Plaintiff SVBP has been damaged by paying $150,000 for nothing, the $757,000 cost of

22 the subdivision map and the professional fees incurred for the preparation of the map as it

23 included the property where the Easement is claimed, and a reduction of $700,000 in the pending

24 sale of the property to a third party.

25 50.     As a direct and proximate result of Union Pacific's breach of contract, SVBP has been

26 damaged in an amount of to be proven at trial, according to proof. Plaintiff SVBP is also entitled

27 to pre-judgment interest on $150,000 from July 29, 2010 at the rate of 10% per annum until the

28

                                                    -9-
   COMPLAINT FOR DAMAGES

1  date of judgment. Plaintiff alleges that at the time of filing this lawsuit, the pre-judgment is

2  approximately $90,000.

3       WHEREFORE, Plaintiff prays for judgment within the jurisdiction of this court against

4  defendants, and each of them, as follows:

5                     **PRAYER FOR RELIEF**

6  **FIRST CAUSE OF ACTION FOR FRAUDULENT MISREPRESENTATION**

7  1. For general damages in a sum of $150,000 plus interest at the rate of the statutory 10%

8     interest rate commencing on July 29, 2010 until the date of judgment;

9  2. For special damages in a sum according to proof;

10  3. For rescission of the sale and return of $150,000 in exchange for a Quitclaim deed;

11  4. For punitive damages in an amount appropriate to punish the Defendants and deter others

12     from engaging in similar misconduct;

13  5. For costs of suit herein incurred;

14  **SECOND CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT**

15  6. For general damages in a sum of $150,000 plus interest at the rate of the statutory 10%

16     interest rate commencing on July 29, 2010 until the date of judgment;

17  7. For special damages in a sum according to proof;

18  8. For rescission of the sale and return of $150,000 in exchange for a Quitclaim deed;

19  9. For punitive damages in an amount appropriate to punish the Defendants and deter others

20     from engaging in similar misconduct;

21  10. For costs of suit herein incurred;

22  **THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION**

23  11. For general damages in a sum of $150,000 plus interest at the rate of the statutory 10%

24     interest rate commencing on July 29, 2010 until the date of judgment;

25  12. For special damages in a sum according to proof;

26  13. For rescission of the sale and return of $150,000 in exchange for a Quitclaim deed;

27  14. For costs of suit herein incurred;

28

**-10-**

COMPLAINT FOR DAMAGES

1

**FOURTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

2

15. For compensatory damages in the sum of $150,000;

3

16. For special damages in a sum according to proof;

4

17. For pre-judgment interest on $150,000 from July 29, 2010 at the rate of 10% per annum

5

until the date of judgment. Plaintiff alleges that at the time of filing this lawsuit, the pre-

6

judgment is approximately $90,000;

7

18. For costs of suit incurred by Plaintiffs in the prosecution of this action.

8

19. For such other and further relief as the Court may deem just and proper.

9

**ON ALL CAUSES OF ACTION**

10

20. For costs of suit herein incurred; and

11

21. For such other and further relief as the court deems just and proper.

12

Dated: April 25, 2016                     FOREMAN & BRASSO

13

14



15

Ronald D. Foreman, Esq.
Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

**-11-**

COMPLAINT FOR DAMAGES

# EXHIBIT A

# UNION PACIFIC RAILROAD COMPANY
### REAL ESTATE DEPARTMENT



50 California Street, Suite 1563, San Francisco, CA 94111
(415) 439-5345 • Facsimile (402) 997-3014
RLGooch@up.com

R. L. Gooch
Director
Special Properties, Sales & Development

In reply, please refer to:

January 21, 2010

Folder: 02398-74

MR. RICHARD DERINGER
SONOMA VALLEY BUSINESS PARK
P. O. Box 1316
Sonoma, CA 95476

Dear Mr. Deringer:

This letter ("Agreement") confirms our understandings covering the possible sale by Union Pacific Railroad Company ("Seller") to SONOMA VALLEY BUSINESS PARK, LLC ("Buyer") of Seller's interest in certain real property in Sonoma, California.

The undersigned will recommend to Seller's Management a sale of the Property on the following terms and conditions:

**Article 1.    Description of Subject Property:**

   A.    The Property is approximately 2.56+/- acres as shown on the print attached hereto as Exhibit A and made a part hereof. The legal description of the Property will be determined by Seller.

   B.    On or about July 14th, 1992 Seller conveyed the subject property to a new Buyer who subsequently sold the subject property; see attached Corporation Grant Deed, which is now owned by Sonoma Valley Business Park, LLC. Under this Corporation Grant Deed the Railroad reserved unto itself, its successors and assigns, all minerals and mineral rights, interest, and royalties, including without limiting, the generality thereof, oil, gas, and other hydrocarbon substances, as well as metallic or other solid materials, in and under the property. Also the Grantor, the Railroad, reserved, from the property, unto itself, its successors and assigns, a perpetual, exclusive easement, in or under, over and through the property described in Exhibit B, ..... Upon Close of Escrow of this Agreement, all rights of Union Pacific Railroad Company, successor to Northwestern

Pacific Railroad Company, as described in the Corporate Grant Deed, including those rights and easements outlined in Exhibit B shall terminate and Union Pacific Railroad will have no rights or easements what-so-ever relating to the subject property, in any form. Union Pacific also affirms that they now own the rights and easements originally granted by Northwestern Pacific Railroad Company, the original Grantor of the Corporation Grant Deed, and that Union Pacific Railroad Company, as its successor, has not assigned or transferred any of the rights or easements outlined in the Corporation Grant Deed to any other party.

C. No survey is required for this sale.

**Article 2.    Sale Price:**

The sale price ("Sale Price") for the Property, which includes all rights and easements as outlined in the Corporation Grant Deed, as attached, shall be One Hundred Fifty Thousand Dollars ($150,000.00).

**Article 3.    Feasibility Review/Right of Entry:**

A.     For 120 (one hundred twenty) days from the date of execution of this Agreement by Buyer ("Feasibility Review Period"), Buyer and its agents and contractors may enter upon the Property to perform environmental audits, soil tests, engineering and feasibility studies of the Property. If the results of such audits, tests or studies, or Buyer's review of title or any other matters relating to the Property are unsatisfactory, Buyer may terminate this Agreement by giving Seller written notice before the end of the Feasibility Review Period. If no such written notice of termination is given before the end of the Feasibility Review Period, the Property will be deemed suitable for Buyer's purposes. In the event of such termination by Buyer, then Buyer shall surrender to Seller copies of all audits, soils, engineering and any other reports prepared for Buyer pertaining to the Property and such reports will become the sole property of Seller without cost or expense of Seller and this Agreement will terminate without any further force and effect, and without further obligation of either party to the other.

B.     Buyer's right to enter upon the Property pursuant to Article 3-A is subject to the following:

1.     Buyer will indemnify, defend and save harmless Seller and/or Seller's affiliates (Seller's affiliates means any corporation which directly or indirectly controls or is controlled by or is under common control with Seller), their officers, agents and employees, against and from any and all liability, loss, costs and expense of whatsoever nature growing out of personal injury to or death of persons, whomsoever, or loss or destruction of or damage to property whatsoever, where such personal injury, death, loss, destruction or damage arises in connection with the entry upon the Property by Buyer, its agents or contractors prior to Closing.

2.     Buyer and Buyer's agents and contractors (collectively "Contractors") will maintain in confidence all information, reports, and evaluations generated in connection with any

environmental assessments and will not make disclosure without the prior written consent of Seller. If Buyer discovers hazardous or toxic substances or materials, Buyer will immediately notify Seller.

3.    Buyer will promptly deliver to Seller the results and copies of any and all reports, evaluations, tests and studies generated in connection with any environmental assessments. Prior to the issuance of any final environmental report, Seller will have the opportunity to make comments, pose questions, and offer recommendations to the Contractor preparing the report;

4.    Buyer agrees to indemnify, defend and hold harmless Seller against and from any and all liens, claims, demands, costs and expenses of whatsoever nature in any way connected with or growing out of any work done, labor performed or materials furnished to the Property on behalf of Buyer prior to Closing.

5.    If the sale of the Property does not close. Buyer will, as soon as possible and at Buyer's sole expense, restore the Property to the same condition it was in immediately prior to the time Buyer entered the Property, failing in which Seller may perform the work of restoration and Buyer will reimburse Seller within thirty (30) days after rendition of bill by Seller.

C.    Absence of markers is not a warranty by Seller of no subsurface installations. Fiber optic systems, pipelines, and other structures may be buried on the Property. Before any digging/drilling/excavation, the following procedures will be followed by Buyer and Buyer's Contractors:

1.    Protection of any fiber optic cable systems is of extreme importance since any break could disrupt service to users resulting in business interruption and loss of revenue and profits. Buyer will telephone 1-800-336-9193 (a 24-hour, 7-day number for emergency calls) during normal business hours (7 A.M. to 9 P.M. C.T., Monday-Friday, except holidays) to determine if any fiber optic cable is buried on the Property. If it is determined that fiber optic cable is buried on the Property, Buyer shall promptly inform Seller, at the address at the top of this Agreement, of the results of its investigation.

2.    Before drilling, or excavating with mechanized equipment, Buyer will explore with hand tools to a depth of at least eight (8) feet below the surface or will use suitable detection equipment.

D.    Notwithstanding any provisions in this Agreement to the contrary, if this Agreement is terminated for any reason whatsoever, Buyer will remain obligated to comply with the provisions of Article 3-A and 3-B and Seller will retain all of its remedies for Buyer's default under Article 3-A and 3-B.

Article 4.    As Is Sale – Release – Indemnity:

A.    Prior to the Closing Date, Buyer will have the opportunity to make such inspections of the Property and matters related thereto as Buyer desires, including, without limitation, governmental laws and regulations to which the Property is subject, the title to the Property, and the suitability or fitness of the Property for Buyer's proposed use. Buyer

acknowledges and agrees that the Property is to be sold and accepted by Buyer in an AS IS" condition, with all faults, and Buyer acknowledges that the Property may have been used for railroad and/or industrial purposes, among other uses. Buyer agrees that any information Buyer may receive from Seller or its agents concerning the Property (including, but not limited to, any lease or other document, engineering study or environmental assessment) is furnished on the condition that Buyer will make an independent verification of the accuracy of the information. Seller does not make any representations or warranties of any kind whatsoever, either express or implied, with respect to the Property; in particular, without limitation, Seller makes no representations or warranties with respect to the use, condition, title, occupation or management of the Property, or compliance with applicable statutes, laws, codes, ordinances, regulations, requirements (collectively "Condition of the Property"). Buyer acknowledges that it is entering into this Agreement on the basis of Buyer's own independent investigation of the physical and environmental conditions of the Property. Buyer assumes the risk that adverse physical and environmental conditions may not have been revealed by its investigation.

B.      FROM AND AFTER CLOSING, BUYER WILL RELEASE SELLER, AND, TO THE MAXIMUM EXTENT PERMITTED BY LAW, INDEMNIFY, DEFEND AND SAVE HARMLESS SELLER, ITS AFFILIATES, THEIR EMPLOYEES, AGENTS, OFFICERS, SUCCESSORS AND ASSIGNS, FROM AND AGAINST ANY AND ALL SUITS, ACTIONS, CAUSES OF ACTION, LEGAL OR ADMINISTRATIVE PROCEEDINGS, CLAIMS, DEMANDS, FINES, PUNITIVE DAMAGES, LOSSES, COSTS, LIABILITIES AND EXPENSES, INCLUDING ATTORNEYS' FEES, IN ANY WAY ARISING OUT OF OR CONNECTED WITH THE KNOWN OR UNKNOWN CONDITION OF THE PROPERTY (INCLUDING, WITHOUT LIMITATION, ANY CONTAMINATION IN, ON, UNDER OR ADJACENT TO THE PROPERTY BY ANY HAZARDOUS OR TOXIC SUBSTANCE OR MATERIAL), OR ANY FEDERAL, STATE OR LOCAL LAW, ORDINANCE, RULE OR REGULATION APPLICABLE THERETO, INCLUDING, WITHOUT LIMITATION, THE TOXIC SUBSTANCES CONTROL ACT, THE COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT, AND THE RESOURCE CONSERVATION AND RECOVERY ACT. THE FOREGOING WILL APPLY REGARDLESS OF ANY NEGLIGENCE OR STRICT LIABILITY OF SELLER, ITS AFFILIATES, OR THEIR EMPLOYEES, AGENTS OR OFFICERS. WITH RESPECT TO THE FOREGOING, BUYER EXPRESSLY WAIVES THE BENEFITS AND PROTECTIONS OF SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA, WHICH READS AS FOLLOWS:

          1542. Certain Claims Not Affected by General Release. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

BUYER HEREBY EVIDENCES ITS SPECIFIC AGREEMENT TO THE TERMS OF THIS RELEASE AND INDEMNITY BY PLACING ITS SIGNATURE OR

INITIALS IN THE PLACE PROVIDED HEREINAFTER.

Buyer's Initials

**Article 5.** **Escrow, Title Insurance and Abstract of Title:**

A.   Seller will not furnish title insurance or an abstract of title to the Property. Buyer may, at its sole option and expense, obtain a preliminary title report ("PTR") in order to review the status of title to the Property during the Feasibility Review Period. If Buyer obtains a PTR, a copy will be delivered to Seller. Seller has no obligation to cure any title defects or to assist Buyer in obtaining title insurance.

B.   If Buyer desires title insurance, Buyer shall pay the cost of any title insurance and any endorsements or changes to the title policy desired by Buyer. If an escrow is used, Buyer shall pay any and all fees relating to the escrow, including, but not limited to, any City and/or County Transfer Taxes and recording fees.

**Article 6.** **Form of Deed; Reservations:**

A.   At Closing, Seller will transfer Seller's interest in the Property to Buyer by Quitclaim Deed, subject to all outstanding rights, whether or not of record.

B.   Seller will reserve from the transfer all minerals and mineral rights without right of surface entry.

**Article 7.** **Existing Agreements:**

A.   If any lease or "Use Rights" (license or other rights to use the Property) affects only the Property (whether identified by Seller before or after execution of this Agreement), Seller's rights and obligations under any such identified lease or Use Right will be assigned to and assumed by Buyer at or after Closing.

B.   Buyer acknowledges that the Property may be subject to unidentified Use Rights. It is the responsibility of Buyer to determine if any of these unidentified Use Rights exist.

**Article 8.** **Closing - Default:**

A.   Closing will occur on or before July 15, 2010 ("Closing Date"). The Closing will be deemed to occur upon payment of the Sale Price by a cashier's or certified check, and delivery of the deed. All Closing costs, including transfer taxes and excise taxes, will be paid by Buyer.

B.   If Closing fails to occur due to default by Seller, Buyer may terminate this Agreement as Buyer's sole remedy against Seller. In the event of such termination, neither Seller nor Buyer will have any further liability hereunder.

C.  If Closing fails to occur due to default by Buyer, Seller may terminate this Agreement and neither Seller nor Buyer shall have any further obligations or liability hereunder except for any of Buyer's surviving obligations pursuant to Article 3 (B) hereof. In no event shall Seller have any obligation whatsoever to extend the Closing Date for any reason if Buyer fails to perform.

**Article 9.   Prorations:**

Local property taxes, if any, and other assessments due and payable in the year of Closing, as well as rental under any leases or Use Rights that are being assigned, will be prorated as of the date of Closing. Buyer will assume any installments of assessments not yet due and payable.

**Article 10.   Negotiations – Brokers and Finders:**

Negotiations relative to this transaction have been carried on by both parties without the intervention of any person which will give rise to any valid claim against either of the parties hereto, for brokerage commission or other like payment. Each party hereto shall indemnify and hold harmless the other party against and from any and all claims for brokerage commission or other like payments arising out of the transaction contemplated by this Agreement and occasioned by the indemnifying party.

**Article 11.   Subdivision/Platting Compliance:**

A.  This Agreement is expressly conditioned upon compliance with the California Subdivision Map Act ("Compliance"). If the Property is not already in Compliance, Buyer shall undertake and use commercially reasonable efforts to comply with local or state subdivision or platting laws or regulations prior to Closing. All necessary applications, maps and other requirements to comply with this requirement will be completed by Buyer at Buyer's sole cost and expense. If Buyer fails to effect Compliance prior to the Closing Date, then this Agreement shall terminate and neither party shall have any further obligation to the other. Seller is not obligated to extend the Closing Date due to Buyer's failure to effect Compliance prior to the Closing Date.

B.  In connection with Buyer pursuing Compliance, Seller shall cooperate by reviewing and executing necessary documents, provided, however, that Seller shall not be required to incur any cost or expense in connection therewith and that any action Buyer desires Seller to take shall be acceptable to Seller as to substance and legal form. If any proposed subdivision plat or parcel map contains conditions affecting Seller, the Property prior to Closing, or other real property owned by Seller which are unacceptable to Seller, then Seller, in its sole and absolute discretion, may terminate this Agreement. If this Agreement is terminated pursuant to this Section B., any deposit paid by Buyer will be returned to Buyer, and neither party shall have any further obligations (except for surviving obligations).

**Article 12.   Mortgage Release:**

If the Property is subject to a blanket mortgage granted by Seller or a corporate predecessor of Seller, Seller will obtain a release within approximately six (6) months after Closing, if required.

Article 13.    **Seller's Management Approval:**

BUYER ACKNOWLEDGES THAT NEITHER THIS AGREEMENT NOR THE
NEGOTIATIONS LEADING TO THIS AGREEMENT CREATE ANY OBLIGATION
ON THE PART OF SELLER TO SELL THE PROPERTY TO BUYER UNLESS THIS
AGREEMENT IS APPROVED IN ACCORDANCE WITH SELLER'S MANAGEMENT
POLICY STATEMENT, IF SUCH APPROVAL IS NOT GIVEN AND
COMMUNICATED TO BUYER BY THE CLOSING DATE, THIS AGREEMENT WILL
TERMINATE AND NEITHER PARTY WILL HAVE ANY FURTHER OBLIGATION.

Article 14.    **Condemnation:**

If, prior to Closing, a governmental agency commences or imminently threatens in writing to
commence any eminent domain proceedings to take any material portion of the Property,
Buyer and Seller shall each have the unilateral right, exercisable by giving notice of such
decision to the other party within thirty (30) days after receiving written notice of such actual or
threatened condemnation proceedings, to terminate this Agreement. In the event of such
termination, this Agreement will be without any further force and effect and without further
obligation of either party to the other. If neither party elects to terminate pursuant to this Article
- Condemnation, the Sale Price will be determined as though such condemnation had not
occurred, and the net proceeds of condemnation awards paid or payable to Seller by reason
of such condemnation of the Property shall be paid or assigned to Buyer at Closing.

If you agree with the foregoing terms and conditions with respect to the possible purchase of the Property,
please indicate your acceptance of those terms and conditions by signing in the acceptance space provided
below and returning one copy to Rick Gooch at the address listed on the bottom of the first page of this
letter, in order that it is received by Seller no later than February 15, 2010. Please also indicate below
how you wish to take title. If you should have any questions, please call Rick Gooch at (415) 439-5345.

_____

Director - Real Estate

ACCEPTED AND AGREED THIS _____ DAY OF _____, 20 _____

SONOMA VALLEY BUSINESS PARK, LLC

By: _____
Its: _____

Title to the Property will be taken as follows:

_____

If Corporation, State of incorporation:

_____

If Husband and Wife, indicate how title will be taken:

_____ Joint Tenants with rights of survivorship

_____ Tenants in Common

_____ Community Property

Mailing Address:                    _____

                    _____

                    _____

                    _____

# EXHIBIT B

Page 1 of 3

RECORDING REQUESTED BY
And When Recorded Mail to:

Sonoma Valley Business Park, LLC
P. O. Box 1316
Sonoma, California 95476

**2010068145**

OFFICIAL RECORDS OF
SONOMA COUNTY
JANICE ATKINSON

OLD REPUBLIC TITLE CO.
08/18/2010 02:05 DEED
RECORDING FEE: $39.00
PAID

**3** PGS



Mail Tax Statements to:

Sonoma Valley Business Park, LLC
P. O. Box 1316
Sonoma, California 95476

# AFNF

0812003817JJ

Ø — Tax — Consideration Less
Than $100.00 .

Space Above for County Recorder's Use

2398-74

## QUITCLAIM DEED

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, (formerly known as Southern Pacific Transportation Company, a Delaware corporation), Grantor, in consideration of the sum of Ten Dollars ($10.00), and other valuable consideration to it duly paid, the receipt whereof is hereby acknowledged, does hereby REMISE, RELEASE and forever QUITCLAIM unto SONOMA VALLEY BUSINESS PARK, LLC, a limited liability company of the State of California, Grantee, whose mailing address is P.O. Box 1316, Sonoma, California 95476, and unto its successors and assigns forever, all of Grantor's right, title, interest, estate, claim and demand, both at law and in equity, of, in, and to the real estate (hereinafter the "Property") situated in Sonoma County, State of California, as more particularly described in **Exhibit A**, hereto attached and hereby made a part hereof.

EXCEPTING AND RESERVING UNTO GRANTOR, its successors and assigns, forever, all minerals and all mineral rights of every kind and character now known to exist or hereafter discovered underlying the Property, including, without limiting the generality of the foregoing, oil and gas and rights thereto, together with the sole, exclusive and perpetual right to explore for, remove and dispose of said minerals by any means or methods suitable to Grantor, its successors and assigns, but without entering upon or using the surface of the Property, and in such manner as not to damage the surface of the Property, or to interfere with the use thereof by Grantee, its successors or assigns.

w/legal - grantee served on contract of 2398-74 qcd.doc

Page 2 of 3

IN WITNESS WHEREOF, the Grantor has caused this deed to be duly executed as of the _29ᵗʰ_ day of July, 2010.

Attest:                                    UNION PACIFIC RAILROAD COMPANY

_Barbara Holder_                           By _Tony K. Love_
Assistant Secretary                        Title: Assistant Vice President – Real Estate

(Seal)

ACKNOWLEDGMENT

STATE OF NEBRASKA    )
                     ) ss.
COUNTY OF DOUGLAS    )

On this _29ᵗʰ_ day of July, 2010, before me, Gregg A Larsen, Notary Public in and for said County and State, personally appeared _____TONY K. LOVE_____ and _____Barbara Holder_____ who are the ___Assistant Vice President – Real Estate___ and the Assistant Secretary, respectively, of Union Pacific Railroad Company, a Delaware corporation, and who are personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons whose names are subscribed to in the within instrument, and acknowledged to me that they executed the same in their authorized capacities, and that by their signatures on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

WITNESS my hand and official seal.

GENERAL NOTARY - State of Nebraska
GREGG A. LARSEN
My Comm. Exp. Aug. 28, 2012

_Gregg A Larsen_
Notary Public

(Seal)

o:\legal - practice area\real estate\deeds\0398-74 qcd.doc

2

Page 3 of 3

## Union Pacific Railroad Company

### Sonoma County, California

### Exhibit "A"

RELEASE OF EASEMENT, BEING A PORTION OF THE LANDS OF SONOMA
PACIFIC COMPANY, A CALIFORNIA CORPORATION. DESCRIBED BY DEED
RECORDED AS DOCUMENT NUMBER 2001-082631, OFFICIAL RECORDS, SONOMA
COUNTY RECORDS, SAID PORTION BEING MORE PARTICULARLY DESCRIBED
AS FOLLOWS:

Beginning at a 3/4 inch iron pipe which marks the northwest corner of the Lands of Sonoma
Valley Business Park LLC (formerly the Lands of Sebastiani Vineyards, Inc.) as shown and
designated upon that certain Record of Survey Map filed on December 17, 1981, in Book 329 of
Maps, at Page 24, Sonoma County Records, thence leaving said Point of Beginning and along
the northerly line of said Lands of Sonoma Valley Business Park, LLC, said northerly line being
the common line with the above mentioned lands of Sonoma Pacific Company, North 83°06' 17"
East, 744.75 feet to a 3/4 inch iron pipe, as shown on said map, which marks the beginning of a
non-tangent curve to the right whose center bears South 05° 52' 23" East, 734.50 feet; thence
along said curve through a central angle of 38° 38' 17", an arc length of 495.32 feet to a 3/4 inch
iron pipe as shown on said map, which marks a point on the westerly line of Eighth Street East;
thence along said westerly line of Eighth Street East, North 22° 01' 33" West, 237.2 feet more or
less to the Southeast corner of Lot 3 as shown upon that certain Record of Survey Map filed in
Book 117 of Maps, at Page 38, Sonoma County Records, said corner is marked by an iron pipe,
said corner is common with the above mentioned Lands of Sonoma Pacific Company; thence
along said common line, said line being the Southerly line of Lot 1 and Lot 3 as shown on said
Record of Survey Map, South 83° 06' 17" West (map equals South 83° 32' 30" West), 747.80 feet
to the Southwest corner of said Lot 1, said corner is marked by an non pipe per said Map, said
corner is also the southeast corner of Lot 3 as shown upon Parcel Map No. 4582 filed in Book
221 of Maps, at Page 23, Sonoma County Records: thence along the Southerly line of said Lot 3,
said southerly line being the common line with the aforementioned Lands of Sonoma Pacific
Company, South 83° 06' 17" West (map equals South 83° 35' 30"West), 600.86 feet; thence
leaving said common line South 07° 01' 30" East, 179.8 feet more or less to a point on the
northerly line of Lot 1 as said Lot 1 is numbered and designated upon Parcel Map No. 3729 filed
in Book 187 of Maps, at Page 47, Sonoma County Records; thence along the Northerly line of said
Lot 1, North 83° 16' 20" East, 210 feet more or less to the Northeast corner of said Lot 1, said
corner being a point on the westerly line of the aforementioned lands of Sonoma Valley Business
Park, L L C (formerly the Lands of Sebastiani Vineyards, Inc.); thence leaving said Northeast
corner and along the westerly line of the Lands of the aforementioned Lands of Sonoma Valley
Business Park, LLC, North 07° 01' 30" West, 120.4 feet more or less to the Point of Beginning.

Union Pacific Railroad Co.
Real Estate Department
Omaha, NE.

LD 0239874
February 18, 2010

# EXHIBIT C

# *Union Pacific Railroad Company*

## CERTIFICATE OF ASSISTANT SECRETARY

I, Barbara Holder, Assistant Secretary of UNION PACIFIC RAILROAD COMPANY, a Delaware corporation (the "Company"), do hereby certify that the sale by the Company of certain property situated in Sonoma County, State of California, described in that certain Quitclaim Deed dated July 29, 2010 from the Company to SONOMA VALLEY BUSINESS PARK, LLC, a California limited liability company ("Buyer"), pursuant to that certain Letter of Understanding dated February 22, 2010 between the Company and the Buyer, has been duly authorized in accordance with the By-Laws of the Company as amended on May 14, 2009 and the "Management Policy Statement Covering Capital Expenditures, Lease Commitments and Dispositions of Property" as amended by the Board of Directors of the Company on November 16, 2007, and that by general and specific delegations of authority pursuant thereto, Tony K. Love, as Assistant Vice President-Real Estate of the Company, J. Michael Hemmer, as Senior Vice President-Law and General Counsel of the Company, and Lawrence E. Wzorek, as Assistant Vice President-Law of the Company, or any of them, have been delegated the requisite authority on behalf of the Company to approve, execute and deliver any and all documents required to complete the transaction heretofore described.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed the seal of UNION PACIFIC RAILROAD COMPANY this 29th day of July, 2010.

_____
Assistant Secretary

(SEAL)

u:\legal - practice area\real estate\denise\0398.74 certcor.doc